O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVIE C. G.,<br><br>          Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>          Defendant. | Case No. 2:20-CV-03200 (KES)<br><br>MEMORANDUM OPINION AND ORDER |

## I.
## BACKGROUND

In July and August 2016, Plaintiff Evie C. G. ("Plaintiff") applied for Titles II and XVI Social Security disability benefits, alleging that she became disabled on January 1, 2014, due to "depression, anxiety, fibromyalgia, menopause, and hypertension." Administrative Record ("AR") 500–01, 506–12, 531. On November 1, 2018, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert ("VE") and a medical expert ("ME"). AR 57–88.

On January 28, 2019, the ALJ issued an unfavorable decision. AR 17–29. The ALJ found that Plaintiff suffered from medically determinable impairments of

obesity, fibromyalgia, major depressive disorder, and generalized anxiety disorder. AR 20. Despite these impairments, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform a reduced range of unskilled, sedentary work with restrictions on social interactions. AR 22.

In making this finding, the ALJ discussed five medical sources who offered opinions of Plaintiff's physical RFC: (1) consultative examiner Marvin Perer, M.D., who opined that Plaintiff could do light work; (2 & 3) agency consultants B. Sheehy, M.D., and J. Rule, M.D., who opined that Plaintiff could do light work; (4) treating physician David Proum, M.D., who opined that Plaintiff could not perform "even less than sedentary work"; and (5) ME Minh D. Vu, M.D., who found no physical limitations on Plaintiff's functioning. AR 24. The ALJ gave the greatest weight to Dr. Perer's opinions but assessed a more restrictive, sedentary RFC due to "consideration [of Plaintiff's] subjective complaints and testimony and her treatment history." AR 24.

The ALJ also evaluated the three medical sources who offered opinions of Plaintiff's mental RFC: (1) consultative examiner Pramual Pinanong, M.D., who opined that Plaintiff was able to follow simple one- or two-step instructions; (2) agency consultant Cal VanderPlate, Ph.D., who opined that Plaintiff was limited to performing simple instructions with infrequent interaction with the general public; and (3) agency consultant Debra Lilly, Ph.D., who opined that Plaintiff was limited to simple, routine, and repetitive tasks in a low-stress environment. AR 25–26. The ALJ gave the greatest weight to the agency consultants' opinions because the record supported only moderate limitations in Plaintiff's ability to interact with others and to concentrate, persist, or maintain pace, which the ALJ accommodated by limiting Plaintiff to unskilled work with only occasional interaction with others. AR 26.

Based on this RFC and the VE's testimony, the ALJ found that Plaintiff could not perform her past relevant work as a lab technician but that there were jobs

that existed in significant numbers in the national economy she could perform, including document specialist and touch up trainer. AR 27–29. The ALJ therefore concluded that Plaintiff was not disabled from January 1, 2014, through the date of his decision. AR 29.

## II.
## ISSUE PRESENTED

This appeal presents the sole issue of whether the ALJ erred in evaluating Plaintiff's subjective symptom testimony. (Dkt. 18, Joint Stipulation ["JS"] at 4.)

## III.
## DISCUSSION

**A.** <u>**Rules Governing Consideration of Subjective Symptom Statements.**</u>

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." <u>Trevizo v. Berryhill</u>, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted). "Second, if the claimant meets the first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." <u>Id.</u> (citation omitted). If the ALJ's assessment "is supported by substantial evidence in the record, [courts] may not engage in second-guessing." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002).

Effective March 17, 2017, the Commissioner amended the applicable regulations on how an ALJ should evaluate a claimant's subjective symptom statements. 20 C.F.R. §§ 404.1529, 416.929. These regulations provide in part:

> In evaluating the intensity and persistence of your symptoms, including pain, we will consider all of the available evidence,

> including your medical history, the medical signs and laboratory findings, and statements about how your symptoms affect you.  We will then determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms affect your ability to work. … We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you.  Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

Id. §§ 404.1529(a) & (c)(4), 416.929(a) & (c)(4); see SSR 16-3p (clarifying that "subjective symptom evaluation is not an examination of an individual's character").  Because the ALJ issued his decision in January 2019, these regulations apply to Plaintiff's case.

**B.    Plaintiff's Subjective Statements.**

In September 2016, Plaintiff submitted an Adult Function Report.  AR 552–60.  She asserted an inability to walk, stand, or sit for long periods, and an inability to concentrate or lift heavy objects.  AR 552.  She could not prepare her own meals or do house or yard work.  AR 554.  She denied being able to drive but was able to shop once a week.  AR 555.  She used a walker, cane, or wheelchair to ambulate.  AR 558.

In December 2016, Plaintiff reported to Agency personnel that due to pain and depression, she stayed in bed most of the day. AR 583. She was unable to stand for more than 20 minutes, walk more than one block, or sit for more than an hour. AR 587. She could not do any daily activities without assistance from her daughter. AR 587. In March 2017, Plaintiff reported needing assistance to shower, wash hair, and shave. AR 600.

At her November 2018 hearing, Plaintiff testified that she experienced pain from her fibromyalgia that radiated from her shoulders down her back and legs. AR 67. She asserted an inability to sit for more than two hours or lift more than ten pounds. AR 68–69. Plaintiff reported ambulating with the assistance of a cane, walker, or wheelchair. AR 69, 76–77. She could not do household chores but was able to drive for short periods of time. AR 70. She spent four to six hours a day lying down and two days a week spent the whole day in bed. AR 71, 73. Plaintiff stated that due to her pain and an inability to concentrate, she was unable to work. AR 72.

**C.     The ALJ's Decision.**

In evaluating Plaintiff's symptom testimony, the ALJ stated as follows:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with medical evidence and other evidence in the record for the reasons explained in this decision.

AR 23–24.

Plaintiff argues that what follows in the ALJ's decision are not reasons for discounting her testimony but rather a summary of the medical evidence. (JS at 9.) Plaintiff contends that the ALJ's "rationale is insufficient because he did not even

5

attempt to provide any other reason aside from the purported lack of objective support." (Id. at 10.) The Commissioner asserts that the ALJ offered three reasons for partially discounting Plaintiff's subjective statements: (1) lack of objective medical support, (2) the limited nature of Plaintiff's treatment history, and (3) her positive response to treatment. (JS at 17–18.) Indeed, the ALJ found that his RFC assessment was "well-supported based upon [Plaintiff's] subjective complaints, *her treatment history, the effectiveness of treatment in reducing her symptoms*, and the objective findings." AR 27 (emphasis added).

      Plaintiff contends that this summation sentence is just "boilerplate" which fails to show inconsistency between Plaintiff's testimony and her treatment history. (JS at 19.) However, the ALJ's reasoning does not have to be organized or labeled in any particular way. Instead, the Court "properly considers the ALJ's decision as a whole." James H. v. Berryhill, No. C18-5371, 2019 WL 330166, at *6, 2019 U.S. Dist. LEXIS 12582, at *16 (W.D. Wash. Jan. 25, 2019); see Lozano v. Comm'r of Soc. Sec., No. 2:18-CV-2164, 2019 WL 6310039, at *4 n.3, 2019 U.S. Dist. LEXIS 204576, at *12 n.3 (E.D. Cal. Nov. 25, 2019) ("It would be overly formalistic to equate 'specific and legitimate' with a requirement that the ALJ repeat every assertion made prior in the concluding paragraph."). "As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 74, 755 (9th Cir. 1989). Indeed, "[e]ven when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012) (citations omitted), superseded by regulation on other grounds. Here, as discussed below, the ALJ provided sufficiently "specific, clear, and convincing reasons" for discounting Plaintiff's subjective symptom statements that "permit meaningful review." Lambert v. Saul, No. 19-17102, — F.3d—, 2020 WL 6735633, at *9–10 (9th Cir. Nov. 17, 2020).

**D.     The Sufficiency of the ALJ's Reasons.**

     **1.     Reason One: Lack of Objective Support.**

While inconsistencies with the objective medical evidence cannot be the *sole* ground for rejecting a claimant's subjective testimony, inconsistencies are factors that the ALJ *may consider* when evaluating subjective symptom testimony. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see SSR 16-3p, at *5 ("objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities"); Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Plaintiff does not contest the ALJ's discussion of the medical evidence. Instead, she contends that the ALJ "failed to provide a logical bridge between the testimony he finds unsupported and the evidence he believes undermines the complaint." (JS at 9–10.) To the contrary, the ALJ "specifically identif[ied] the testimony … he [found] not to be credible and explain[ed] what evidence undermines the testimony." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted).

Plaintiff asserted that she needs reminders to take a shower, to take her medications, and to go places, and does not follow written or spoken instructions well. AR 552–60. The ALJ found that these statements were contradicted by Dr. Pinanong's psychiatric evaluation, which found that Plaintiff had an intact recent and remote memory, a good vocabulary, and intact abstractions. AR 21 (citing AR 1139–43). Dr. Pinanong also found that Plaintiff had average intellectual functioning, with an average vocabulary, fund of knowledge, abstraction, and generalization. AR 21, 1139–43. Plaintiff also alleged an inability to handle a savings account, use a checkbook or money orders, or finish what she starts. AR 552–60. The ALJ found these allegations to be contradicted by Dr. Pinanong's

7

examination, which found Plaintiff able to do digit span forwards, focus attention during the interview, and respond to questions with no difficulty or hesitation. AR 21, 1139–43. Plaintiff had a fair calculation ability, intact attention and concentration, and coherent and goal-directed thought processes, with no evidence of disorganized thinking or confusion. AR 21–22, 1139–43. Plaintiff further asserted that she needed help dressing, bathing, caring for her personal grooming needs, preparing meals, and doing household chores. AR 552–60. She alleged an inability to go out alone, drive, or handle stresses or changes in routine. AR 552–60. The ALJ found these assertions were contradicted by Plaintiff arriving at her interview with Dr. Pinanong alone and on time and exhibiting intact insight and judgment. AR 22, 1139–43. In response to Plaintiff's testimony that she was unable to stand for more than 20 minutes, sit for more than an hour, or walk for more than one block at a time, and that her impairments limited her ability to sleep, lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, and use her hands, the ALJ noted the multiple, largely unremarkable physical examinations, including normal range of motion; negative straight-leg raises; no tenderness, joint swelling, or deformities at the hips or upper or lower extremities; no crepitus of the knees; good tone and active motion of the muscles; normal motor strength; grossly intact sensation and reflexes; and intact cranial nerves . Compare AR 23, with id. 24, 25 (citing AR 640–42, 650, 892–98, 917–18, 1047, 1095–102, 1129–32, 1218, 1290–97).

### 2.     Reason Two: Limited and Conservative Treatment.

The ALJ also considered that Plaintiff received limited and conservative treatment. AR 24–25. She generally had only annual follow-ups with her primary care provider for her fibromyalgia and obesity. AR 24–25. While Plaintiff was referred to a rheumatologist for her fibromyalgia, she did not pursue seeing a specialist. AR 25, 892–98. Her physical impairments were generally treated with diet, exercise, and physical therapy. AR 25; see id. 640–42, 1217–20, 1232–34,

8

1252, 1263–64, 1283–85. A conservative treatment regimen "support[s] the ALJ's credibility determination." Miner v. Berryhill, 722 F. App'x 632, 634 (9th Cir. 2018); see Tommasetti, 533 F.3d at 1039–40 (explaining that evidence of a claimant's favorable response to minimal and conservative treatment undermines subjective symptom statements).

### 3. Reason Three: Positive Response to Treatment.

The ALJ further considered Plaintiff's positive response to treatment. AR 25. Her fibromyalgia was largely controlled on medication with no side effects. AR 25; see id. 1095–102, 1290–97. Plaintiff's obesity improved with diet and exercise. AR 25, 640–42. Her depression and anxiety were stable and controlled on medication with no side effects. AR 26; see id. 640–42, 892–98, 1095–102, 1290–97, 1434–36, 1440–42, 1446–48. An ALJ may consider a positive response to treatment when evaluating subjective testimony. See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); Crane v. Shalala, 76 F.3d 251, 254 (9th Cir. 1996) (ALJ may consider "evidence suggesting that [the claimant] responded well to treatment" in evaluating the claimant's subjective symptoms).

### 4. Summary.

Furthermore, the ALJ did not completely reject Plaintiff's testimony. AR 24–27. Due to Plaintiff's subjective complaints and testimony, the ALJ rejected Dr. Perer's evaluation that she could perform light work. AR 24. Instead, because of Plaintiff's consistent use of a cane and walker, the ALJ limited her to sedentary work with a need for a cane to stand and walk. AR 24. Based partly on Plaintiff's subjective statements, the ALJ also limited her to performing unskilled work with only occasional interaction with supervisors, coworkers, and the public. AR 21–22, 27.

In sum, the ALJ offered clear and convincing reasons, supported by substantial evidence, for only partially crediting Plaintiff's subjective symptom testimony.

## IV.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that judgment shall be entered AFFIRMING the decision of the Commissioner.

DATED: November 23, 2020

_____
KAREN E. SCOTT
United States Magistrate Judge